IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
JAN 15 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., an Illinois corporation, | |
| Plaintiff, | |
| | CIVIL ACTION NO. 09CV6999 |
| v. | |
| HYSON USA, INC., an Illinois corporation, | Judge Wayne R. Andersen |
| | Magistrate Judge Jeffrey Cole |
| Defendant | |

## PLAINTIFF INTERNATIONAL GOLDEN FOODS, INC.'S MOTION FOR CONTEMPT, SANCTIONS AND RELATED RELIEF

NOW COMES International Golden Foods, Inc., (Golden Foods), and moves this Court enter an order of contempt against the defendant Hyson USA, Inc., for the reasons set forth in the attached memorandum and evidence submitted therewith.

The basis for this motion is the flagrant disregard of the trademark rights of International Golden Foods ("Golden Foods" or "Plaintiff"), as set forth in their motion for preliminary injunction and the Order for Injunction entered previously by this Court.

It is further requested that the defendant Hyson USA, Inc., and its attorneys be sanctioned by this Court for failure to provide notice of any motins filed by them in this Court without notice to the Plaintiff and its counsel, and further that the defendant Hyson USA be found in personal contempt under Rule 11 of the Rules of Civil Procedure for their gross failure to provide any notice of any motions or other proceedings that they have presented to this Court. Such

failure to provide any notice to the undersigned counsel for the Plaintiff is a blatant and clearly intentional effort to circumvent all notions of fair play in the conduct of litigation.

In addition, as can be seen from the evidence attached to the accompanying memorandum of law in support of this motion for Contempt and Sanctions, Hyson USA, Inc., has not ceased selling of any of the NAR® Pomegranate Juice in blatant violation of the rights of Golden Foods in its trademark registration, but they have changed the label and revised the label and expanded the market.

Truly this is a situation where normal humans of average intelligence would question the sanity of such actions. But, Hyson USA, Inc., apparently does not comprehend the meaning of the word "NO". They agreed to the entry of the order in November to stop selling the product, and then did nothing at all to stop their sales.

The defendant has also not provided any accounting as required by the order, though they have been given plenty of time in which to do so.

And, they have not answered the complaint, and so the Plaintiff requests this Court enter an immediate order for judgment by default, and to order Hyson USA, Inc., pay to the Golden Foods the amount of their profits, the amount of lost profits and an amount of not less than $1 Million for damage caused by their willful and intentional violations of the trademark registration of Golden Foods for the NAR® trademark as is required by the provisions of the Lanham Act,

WHEREFORE, the relief requested herein is respectfully requested in accordance with the

law, the rules of procedure, and in light of the blatant and repetitive violation of the rights of

Golden Foods.


Respectfully submitted,
INTERNATIONAL GOLDEN FOODS, INC.

By: *Elizabeth Hunt Schoettly*
    Its Attorney


Elizabeth Hunt Schoettly, Esq.
Law Offices of Elizabeth H. Schoettly
1355 West Estes Ave., Suite L3
Chicago, IL 60626
Phone: 773-761-4590
Email: jehschoettly@juno.com
IL ARDC No. 3126573

-3-