IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-CV-6999 |
| HYSON USA, INC., | ) ) Judge Andersen |
| Defendant. | ) Magistrate Judge Cole ) |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "EMERGENCY AND SECOND MOTION FOR A RULE TO SHOW CAUSE WHY CONTEMPT, SANCTIONS AND RELATED RELIEF ARE APPROPRIATE AS TO HYSON USA, INC."

NOW COMES the Defendant, HYSON USA, INC. ("Hyson"), by and through its attorneys, SNECKENBERG, THOMPSON & BRODY, LLP, and for its Motion to Strike Plaintiff's "Emergency and Second Motion For a Rule to Show Cause Why Contempt, Sanctions and Related Relief Are Appropriate as to Hyson USA, Inc.", states as follows:

1. On February 4, 2010, the Plaintiff filed its "Emergency and Second Motion For a Rule to Show Cause Why Contempt, Sanctions and Related Relief Are Appropriate as to Hyson USA, Inc." against the Defendant; in this motion, the Plaintiff accuses Hyson, and its attorneys, of intentionally disregarding the temporary restraining order entered by this Court. The Plaintiff seeks the imposition of serious sanctions, monetary and otherwise, against both Hyson and its attorneys. Hyson and its attorneys vehemently deny any wrongdoing and that the Plaintiff is entitled to any of the requested relief.

2. The hearing on Plaintiff's motion has now been scheduled four (4) times; each time the hearing was cancelled and rescheduled at the request of Plaintiff's counsel. Hyson has

been prepared to proceed with the hearing since its original hearing date of February 18, 2010. Most recently, counsel for Plaintiff cancelled the April 13, 2010 hearing.

3. It has come to the attention of Hyson and its attorneys that counsel for the Plaintiff, Ms. Elizabeth H. Schoettly, is not authorized by the Supreme Court of Illinois to practice law. (See Exhibit A: Print out from ARDC website, incorporated herein). One of the attorneys at Sneckenberg, Thompson & Brody, LLP, Ms. Emilie G. Kaplan, Esq., personally spoke with a representative at the ARDC on Thursday, April 8, 2010. The ARDC representative informed Ms. Kaplan that Ms. Schoettly was not authorized to practice law in the State of Illinois as of January 1, 2010 because of a failure to register with the ARDC and also a failure to demonstrate required MCLE compliance. (See Exhibit B: Affidavit of Ms. Emilie G. Kaplan, Esq., incorporated herein).

4. Local Rule 83.10(a) requires that petitioners for admission to the general bar of this Court must be members in good standing of the bar of the highest court of any state of the Unites States or of the District of Columbia. Upon information and belief, Ms. Schoettly is not a member in good standing of the bar of the highest court of any other state or of the District of Columbia.

5. In McConnell v. Iovino Boersma Enterprises, Inc., et al., the District Court denied the Plaintiff's Motion to Reconsider the Dismissal of the Plaintiff's Complaint, which was dismissed as a nullity because it was signed and filed by an attorney who was not authorized to practice law in Illinois. 2005 U.S. Dist. LEXIS 13124. (See Exhibit C: copy of decision, incorporated herein).

6. Similar to the instant case, the Plaintiff's attorney in McConnell had failed to register and pay his registration fee as required by Illinois Supreme Court Rule 756; that rule

specifically provides that if an attorney failed to register and pay the annual fee, his name is removed from the master roll of attorneys. Any person whose name is not listed on the master roll and who practices law or holds himself out to be an attorney 'is engaged in the unauthorized practice of law and may also be held in contempt of court." Ill. Sup. Ct. R. 756(e). Here, according to the ARDC website and its representative who spoke to Ms. Kaplan, Ms. Schoettly is unauthorized to practice law for two reasons: (1) failure to register; and (2) failure to demonstrate required MCLE compliance. (See Exhibits A and B, incorporated herein).

7. Ms. Schoettly was not authorized to practice law at the time she signed and filed Plaintiff's Motion on February 4, 2010. Under McConnell, the motion should be stricken on this basis alone.

8. Additionally, the continued cancellation and delay of the hearing on Plaintiff's motion, often on extremely short notice, has repeatedly placed Hyson and its attorneys in an untenable position. Each time that the hearing is scheduled, the several witnesses must be notified to clear their schedules and make arrangements to travel from the suburbs; each time the hearing is cancelled, it places a serious inconvenience on the witnesses and counsel for scheduling purposes.

9. In fact, it was not until counsel for Hyson contacted Ms. Schoettly on Thursday, April 8, 2010, did Ms. Schoettly inform counsel that the hearing on April 13, 2010 would not be proceeding because her client was out of the country. It should be noted that counsel for Hyson contacted Ms. Schoettly via e-mail and telephone on Wednesday, April 7, 2010 and did not receive any response. (See Exhibit D: string of e-mail correspondence from Emilie G. Kaplan, Esq. to Elizabeth Schoettly).

10. Local Rule 78.2 provides for a denial of a motion for failure to prosecute 'where the moving party, or if the party is represented by counsel, counsel for the moving party, delivers a motion or objection [...] and fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion or objection to the court as provided by LR5.4, the court may on its own initiative deny the motion or objection.'

11. Although Plaintiff's counsel's status as an individual unauthorized to practice law is sufficient grounds to strike Plaintiff's motion, this Court may also deny the motion for a failure to prosecute. As of the filing of the instant motion, counsel for Hyson has not been notified of a rescheduled date for the hearing and Plaintiff's repeated cancellation of the hearing has placed Hyson and its counsel at a disadvantage and constitutes failure to diligently prosecute its motion.

WHEREFORE, the Defendant, HYSON USA, INC., respectfully requests that this Court grant its Motion and Strike the Plaintiff's "Emergency and Second Motion For a Rule to Show Cause Why Contempt, Sanctions and Related Relief Are Appropriate as to Hyson USA, Inc.", because it was signed and filed by an individual unauthorized to practice law. Alternatively, the Defendant requests that this Court deny the Plaintiff's Motion for Failure to Prosecute it diligently.

Respectfully Submitted,

HYSON USA, INC.

/s/ WILLIAM J. SNECKENBERG

William J. Sneckenberg

SNECKENBERG, THOMPSON & BRODY, LLP

161 North Clark Street, Suite 3575

Chicago, Illinois 60601

Phone No. (312) 782-9320

Fax No. (312) 782-3787

wjs@stbtrial.co

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 16, 2010, he caused the foregoing Motion to be filed electronically through the CM/ECF system which caused Notice to be served upon all parties of record.

s/ William J. Sneckenberg